UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMPONENTS & CONCEPTS, INC.,

        Plaintiff,

        Case No. 12-cv-14983
        HON. GERSHWIN A. DRAIN

vs.

REVSTONE TRANSPORTATION
LLC, *et al.*,

        Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS [#8]

**I.  INTRODUCTION**

Plaintiff, Components & Concepts, Inc., filed the instant action on November 9, 2012, against Defendants, Revstone Transportation, LLC ("Revstone") and MPI, LLC ("MPI") pursuant to 28 U.S.C. § 1332.  Plaintiff's Complaint alleges the following claims: Breach of Contract, Count I; Quantum Meruit/Unjust Enrichment, Count II; Declaratory Judgment, Count III; Violation of the Michigan Sales Representative Commissions Act.

Presently before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, or, in the Alternative, for Transfer of Venue to the District of Delaware.  This matter is fully briefed and a hearing was held on March 19, 2013.  For the reasons that follow, the Court denies Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, or, in the Alternative, for Transfer of Venue to the District of Delaware.

**II.  FACTUAL BACKGROUND**

Plaintiff is a Missouri corporation and it is an independent manufacturer's representative sales agency. Compl., ¶1. On December 21, 1993, Plaintiff entered into a written Sales Representation Agreement with non-party MPI International, Inc. Compl., ¶ 7, Ex. A. At that time, MPI International, Inc. was a Michigan corporation with its principal place of business in Rochester Hills, Michigan. Compl., ¶8. In 2008, MPI International, Inc. filed for bankruptcy in the United States District Court for the District of Delaware. Compl., ¶10.

In March of 2009, Defendant Revstone purchased some or all of the assets of MPI International, Inc. in connection with the bankruptcy proceedings. Compl., ¶11. It is Plaintiff's belief that Revstone formed Defendant MPI and transferred some or all of the purchased assets of MPI International, Inc. to MPI. Compl., ¶12. After purchasing the assets of MPI International, Defendants expressly or impliedly assumed the Sales Representation Agreement between Plaintiff and MPI International, Inc. Compl., ¶13. Alternatively, Plaintiff alleges that, after purchasing MPI International, Inc.'s assets, Defendants entered into a separate express or implied agreement with Plaintiff to provide sales representative services for Defendants in exchange for the payment of sales commissions at the same rates as were previously paid by MPI International, Inc. Compl., ¶14.

Defendants continued to pay sales commissions to Plaintiff from March of 2009 through approximately January of 2012, at which time Defendants unilaterally ceased making commission payments. Compl., ¶15; *see also* Plf.'s Resp., Ex. C. On September 19, 2012, after requests for payment from Plaintiff, Defendants sent correspondence to Plaintiff stating in relevant part:

> It has come to our attention that since March of 2009, MPI, LLC ("NewCo") has paid you $46,156.33 in error ("Improper Payments"). To explain, NewCo bought the assets of MPI International, LLC ("OldCo") out of bankruptcy on March 12, 2009. Your contract was with OldCo. NewCo did not assume the contracts of OldCo. Because NewCo never assumed the sales contract between yourself and OldCo, NewCo was not contractually obligated to pay the Improper payments. It is

>   my understanding that you have made a verbal demand for payment of $23,472.59
>   from NewCo, in payment of OldCo's contractual obligations.

*See* Plf.'s Resp., Ex. E. On November 9, 2012, Plaintiff filed the instant action seeking damages for the unpaid sales commissions earned in 2012, as well as penalty damages under Michigan's Sales Representatives Act.

**III.     LAW & ANALYSIS**

Defendants argue that this action must be dismissed because the United States Bankruptcy Court for the District of Delaware has exclusive jurisdiction over this matter. Defendants rely on the bankruptcy court's March 12, 2009 Order Approving the Debtors' Proposed Sale of Substantially All of their Assets ("Sale Order"). Specifically, Defendants rely on paragraph fourteen in the Sale Order, which states:

>   This Court shall retain exclusive jurisdiction to resolve any controversy or claim arising out of or related to this Sale Order, the Asset Purchase Agreement or any related agreements, including without limitation: (a) any actual or alleged breach or violation of this Sale Order, the Asset Purchase Agreement or any related agreements and (b) the enforcement of any injunctive provision or relief granted in this Sale Order or otherwise, as set forth in the Asset Purchase Agreement.

Defendants also rely on paragraph 19, which states:

>   This Order is and shall be binding upon and shall govern acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of fees, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities, who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments that reflect that Purchaser is the assignee of the Acquired Assets free and clear of all Liens, claims, encumbrances and interests (all such entities being referred to as "Recording Officers"). All Recording Officers are authorized and specifically directed to strike recorded claims, liens, encumbrances and interests against the Acquired Assets recorded prior to the date of this Sale Order.
>   Thus, Defendants assert that this action constitutes a claim or controversy arising out of, or

related to the Sale Order because it concerns the alleged liability of Defendants under a Sales Representation Agreement executed by Plaintiff and MPI International. Defendants further maintain that the Agreement pre-dates the Sale Order, thus this action involves a controversy as to whether the Agreement is binding on Defendants after the date of the Sale Order. Defendants assert that under the express provisions of the Sale Order, the United States Bankruptcy Court for the District of Delaware retains sole jurisdiction over the controversy at issue herein. Alternatively, Defendants argue that this matter should be transferred to the United States Bankruptcy Court for the District of Delaware.

Defendants arguments are not well taken. Paragraph fourteen is wholly inapplicable to the present case because Plaintiff's lawsuit does not arise out of, or relate to the Sale Order. Rather, Plaintiff's claims arise out of, and relate to a separate contract expressly or impliedly entered into by Plaintiff and Defendants after the effective date of the Sale Order. Thus, Plaintiff's claims arise out of Defendants' breach of the new sales agreement executed by the parties. Further, paragraph nineteen is inapplicable to the present matter as it addresses claims, liens and encumbrances recorded prior to the date of the Sale Order. Further, paragraph nineteen expressly pertains to entities which, by operation of law or by contract, have a duty to record documents reflecting that the purchaser is the assignee of the assets from the sale. Thus, paragraph nineteen is irrelevant to the claims before this Court.

Additionally, Defendants are incorrect in arguing that the United States Bankruptcy Court for the District of Delaware has sole jurisdiction over this matter.

> The jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in, and limited by, statute. Title 28 U.S.C. § 1334(b) provides that 'district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.' The district courts may, in turn, refer 'any or all proceedings arising under title 11 or arising in

or related to a case under title 11 . . . to the bankruptcy judges for the district.'
*Celotex Corp. v. Edwards*, 514 U.S. 300 (1995). Thus, to fall within the bankruptcy jurisdiction of the district court, a proceeding need only be "related to" a case under title 11. *See In re Wolverine Radio Co.*, 930 F.2d 1132, 1142 (6th Cir. 1991). A matter is related to a bankruptcy proceeding if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id.*; *see also Sanders Confectionary Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 482 (6th Cir. 1992). Here, Plaintiff's claims are unrelated to the bankruptcy proceeding. The sales commission payments that Plaintiff seeks to recover are owed by Defendants, and not MPI International, Inc. Thus, the outcome of this action will have no conceivable effect on the MPI International, Inc. bankruptcy estate.

At the March 19, 2013 hearing, Defendants' counsel provided the Court with an October 2, 2012 Order from the bankruptcy court in an effort to demonstrate that the bankruptcy court has exclusive jurisdiction to resolve the dispute herein. *See In re PPI Holdings, Inc.*, No. 08-13289 (Bankr. D. Del. Oct. 2, 2012). This Order does not alter this Court's conclusion that the claims raised in Plaintiff's Complaint are properly before this Court. The bankruptcy court's order addressed a dispute as to whether "trade debt" owed to the debtors at the time the parties entered into the Asset Purchase Agreement and when the bankruptcy court entered the Sale Order was properly included as "accounts receivable" and amounts owed to the Purchaser of the assets. *Id*. Thus, this Order clearly resolved issues arising out of, or related to the Sale Order and the Asset Purchase Agreement. Therefore, the Order does not support Defendants' argument as Plaintiff's claims do not arise out of, or relate to the Sale Order nor the Asset Purchase Agreement.

Lastly, Defendants have failed to identify any basis upon which transfer of this action would be appropriate. Here, Defendants maintain offices and conduct business in this district. Further, the

automotive parts upon which Plaintiff's commission sales were earned were sold to Federal-Mogul Corporation which is also headquartered in this district. Thus, this is the most convenient forum for Defendants and for the key non-party witnesses.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the Alternative for Transfer of Venue to the District of Delaware [#8] is DENIED.

SO ORDERED.


Dated: March 22, 2013                    /s/Gershwin A Drain
                                         GERSHWIN A. DRAIN
                                         United States District Judge